IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1297-WDM-CBS

MARY D. WILLIAMS, an individual,

    Plaintiff,
v.

XO COMMUNICATIONS SERVICES, INC.,
a Delaware Corporation, d/b/a XO COMMUNICATIONS,
TERRY A. BARCLAY, an individual, and
DEENA ULRICH, an individual,

    Defendants.

---

### PROTECTIVE ORDER

---

Upon Plaintiff's *Unopposed Motion for a Protective Order* concerning certain information disclosed and to be disclosed during discovery, which one or more parties claim constitute confidential information, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED as follows:

1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by the parties to this action, or any of their attorneys, which a party believes in good faith is of a confidential nature (e.g., confidential business, personnel, medical, marketing or financial information), may be designated as confidential, and all such information, including any copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating any information as

1

Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and PROVIDED FURTHER that any party may challenge any designation of any information as Confidential Information, as set forth in paragraph 13, below.

2.  All Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose.

3.  A party may designate written material as Confidential Information by identifying such material in writing to the other party, or its attorneys, or by marking each page of such material that contains Confidential Information with the legend "Confidential."

4.  Information disclosed at the deposition of a supplying party or one of its present or former officers, directors, employees, agents, or an independent expert retained by a supplying party for purposes of this litigation may be designated by that party as Confidential by indicating on the record at the deposition that the testimony is Confidential and subject to the provisions of this Order. The supplying party may also designate information disclosed at such deposition as Confidential by notifying all parties in writing, within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential. Each party shall attach a copy of such written statement to the fact of the transcript and each copy thereof in his possession, custody or control. Each deposition shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of such deposition is available.

5. Confidential Information shall be produced only to counsel of record in this action and to the individually name parties to this action, all of whom have agreed to be bound by the terms of this Order.

6. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating the information as Confidential, except that counsel may, without further agreement or Court order and except as provided in the preceding paragraph, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) the parties, including designated representatives for the entity defendant;

(b) attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) deponents, witnesses, or potential witnesses;

(e) the Court and its employees ("Court personnel");

(f) any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and

(g) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

9  This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

10. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or

(d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

11. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Within thirty (30) days following final resolution of this action (including all appeals), all Confidential Information and reproductions thereof, at the discretion of counsel for the party receiving the Confidential Information, shall be either: (a) returned to counsel for the party who provided the Confidential Information; (b) destroyed, and counsel for the party receiving the Confidential Information shall sign a certification attesting to such destruction; or (c) retained by counsel receiving the Confidential Information in a sealed manner and said counsel shall continue to protect and preserve the confidentiality of the Confidential Information as set out in this agreement until such time as the Confidential Information is returned as described in (a) above or destroyed as described in (b) above.

12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

13. Any party may challenge the designation of particular Confidential Information by giving written notice to the party making the designation. The written

notice shall identify the specific information as to which objection is made, If the parties cannot resolve the objection(s) within ten (10) business days after the time the notice is received, it shall be the obligation of the party making the designation to file an appropriate motion requesting that the Court determine whether the specified information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. The moving party shall bear the burden of establishing that good cause exists for continuing to treat such information as Confidential. Failure to file a motion in support of the designation of the challenged information as Confidential within twenty (20) days of receipt of the written notice of challenge of the Confidential Information designation to the party making the designation shall result in the release of the Confidential status of the particular information at issue.

DATED at Denver, Colorado, this 8th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge